## B. J. Regnell Company, Appellee, v. Richard A. Meiswinkel, Appellant.

### Gen. No. 20,287.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed January 26, 1915.

### Statement of the Case.

Action by B. J. Regnell Company against Richard A. Meiswinkel upon a contract in writing to do carpenter work on a building for $21,900. Payments were to be made on architect's certificates, the final certificate being conclusive evidence of performance of the contract. Plaintiff alleged that it secured a final architect's certificate for $2,838, that it furnished extras amounting to $526.56, that defendant paid $1,500 and refused to return the final architect's certificate. Plaintiff's claim was for $1,338, balance due under the certificate, and $526.56 for extras, with interest. At the trial defendant elected to stand by its affidavit of merits and the court entered judgment for the plaintiff for $1,540.89, and ordered that the cause proceed to trial as to the balance of the claim and interest. To reverse such judgment, defendant appeals.

CAMPE, KOEBEL & MECHLING, for appellant.

JOSEPH G. SHELDON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 49*—*when delay in performance waived.* Where a contractor was allowed to proceed with

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

work after the time fixed for its completion, the owner waived the right to object or claim damages for the delay in completing the work, it appearing that the delay was due to other contractors over whom the plaintiff contractor had no control.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 65*—*when architect's certificate conclusive as to performance.* Where a contract provides that the architect's final certificate shall be conclusive evidence of performance of the contract, such certificate, in an action of assumpsit brought thereon, is conclusive evidence, unless it is shown that it was obtained by fraud or mistake.

3. JUDGMENT, § 106*—*when judgment by default proper.* Where averments of an affidavit of merits and set-off are no answer to a plaintiff's claim based on a contract, and the admission of defendant render it unnecessary to introduce evidence to support the plaintiff's claim, the court is authorized under sections 55, 56 of the Practice Act (J. & A. ¶¶ 8592, 8593) to enter judgment as by default for the amount of the plaintiff's claim.